UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JUNG LEE,

                Plaintiff,

      -against-

EXPERIAN INFORMATION SOLUTIONS, INC,

                Defendant
-------------------------------------------------------------------x

1:25-cv-1939

COMPLAINT

Plaintiff, JUNG LEE ("Plaintiff"), brings this action against EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), and alleges the following, upon information and belief:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendant for violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* by mixing Plaintiff's credit file with another similarly named individual and failing to resolve the issue even after Plaintiff repeatedly disputed the account with Experian.

2. Plaintiff brings this action for actual, statutory, and punitive damages, as well as for statutory attorney's fees and costs, pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.*

### JURISDICTION AND VENUE

3. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

4. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

### PARTIES

5. Plaintiff, a natural person, was at all relevant times a resident of the State of New York, and

1

County of New York and qualifies as an individual "consumer" within the meaning of the FCRA. See 15 U.S.C. § 1681a(c).

6. Defendant Experian is an Ohio corporation, duly authorized and qualified to do business in the State of New York. Experian qualifies as a "consumer reporting agency" within the meaning of the FCRA. See 15 U.S.C. § 1681a(f).

**FACTUAL BACKGROUND**

7. In August 2024 Plaintiff noticed an incorrect name – Jungsoo Lee - on her Experian credit report.

8. Plaintiff also noticed a Bank of America credit card account that did not belong to her associated with an Oakland, California address that was not hers.

9. The Bank of America was in "charge off" status and destroying Plaintiff's otherwise excellent credit history.

10. Plaintiff immediately contacted Bank of America to question them about the account. Bank of America informed Plaintiff that it did not have an account in her name or linked to her identifying information.

11. Plaintiff then realized the problem was not with Bank of America but rather that Experian was placing somebody else's account an information on her credit report.

12. This creates what is called in the industry a "mixed file" – the mixing of two separate individual onto one credit report.

13. Experian has known about this problem for well over 20 years now and has been sued by consumers for this practice hundreds of times.

14. Despite being aware of this issue Experian has not taken the necessary steps to prevent

mixed files from occurring or to correct mixed files once they are put on notice of them.

15. Once Plaintiff realized the issue was with Experian, she began to dispute the subject Bank of America account with Experian.

16. Beginning on August 9, 2024, Plaintiff disputed the subject Bank of America account with Experian at least eight times via online disputes on phone calls.

17. Specifically, Plaintiff disputed the account with Experian on August 9, 2024, November 13, 2024, November 25, 2024, November 26, 2024, December 4, 2024, December 29, 2024, January 20, 2025 and February 26, 2025.

18. Experian responded to each of Plaintiff's disputes by denying that the account belonged to someone else and refusing to remove the account from Plaintiff's file with Experian.

19. Plaintiff has repeatedly been denied credit as a result of Experian's conduct here, including repeatedly being denied credit cards and being denied a mortgage.

20. Accordingly, Plaintiff has suffered substantial harm as a result of Defendants' conduct here. The inaccurate derogatory information wrongfully listed on Plaintiff's consumer reports was, at a minimum, a substantial factor in being denied credit and caused Plaintiff significant emotional distress and damage to her reputation, adverse impact on credit rating, expenditure of time and resources, annoyance, aggravation, and frustration.

///

///

///

///

## FIRST CAUSE OF ACTION
VIOLATION OF THE FCRA

21. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

22. Defendant willfully, (or in the alternative negligently) violated 15 USC § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding Plaintiff.

23. Defendant Experian willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations of the Plaintiff's multiple disputes of the subject Bank of America account.

24. Defendant Experian willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff regarding her disputes.

25. Defendant Experian willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the disputed erroneous Bank of America account from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

26. Accordingly, Defendant is thus liable to the Plaintiff for actual, statutory, and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees incurred as a result of Defendants' FCRA violations, pursuant to 15 U.S.C. §§ 1681n and 1681o.

///

///

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: March 10, 2025

Respectfully submitted,

Kevin C. Mallon
Mallon Consumer Law Group, PLLC
(917) 734-6815
kmallon@consumerprotectionfirm.com
*Attorneys for the Plaintiff*